UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

PRINCE RAVANNA MILES
EL,                                               Civil Action No. 13-cv-12211
                                                  HON.  BERNARD  A.  FRIEDMAN

_____/

**OPINION AND ORDER DISMISSING THE COMPLAINT**

Before the Court is plaintiff's *in forma pauperis* complaint [docket entry 1].  For the

following reasons, the Court shall dismiss the complaint because it is frivolous and/or fails to state

a claim upon which relief may be granted.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines*

*v. Kerner*, 404 U.S. 519, 520 (1972).  Nonetheless, the Court is required by statute to dismiss an *in*

*forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from
> such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or

in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if

"based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest

which clearly does not exist" or "fantastic or delusional scenarios."  *Id.* at 327-328.  To avoid

dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v.*

*Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).  Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding *in forma pauperis*, if the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

In this case, the Court is unable to discern who plaintiff is suing nor the factual basis of his complaint. *See generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009).   Affording the most liberal construction to the pleadings, they seem to invoke the independent sovereignty of the "Moorish National Republic" and list a series of grievances against some unknown entity.  Since the complaint fails to state a cognizable claim upon which relief may be granted, the Court is without jurisdiction to entertain this matter.

Accordingly,


IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).



                                      S/ Bernard A. Friedman_____

Dated:  May 20, 2013            BERNARD A. FRIEDMAN
       Detroit, Michigan         SENIOR UNITED STATES DISTRICT JUDGE