UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

PRINCE RAVANNA MILES
EL,  Civil Action No. 13-cv-12211
  HON. BERNARD A. FRIEDMAN

_____/

**OPINION AND ORDER DISMISSING THE COMPLAINT**

Before the Court is plaintiff's *in forma pauperis* complaint [docket entry 1]. For the following reasons, the Court shall dismiss the complaint because it is frivolous and/or fails to state a claim upon which relief may be granted.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from
> such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-328. To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v.*

*Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted). Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding *in forma pauperis*, if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In this case, the Court is unable to discern who plaintiff is suing nor the factual basis of his complaint. *See generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Affording the most liberal construction to the pleadings, they seem to invoke the independent sovereignty of the "Moorish National Republic" and list a series of grievances against some unknown entity. Since the complaint fails to state a cognizable claim upon which relief may be granted, the Court is without jurisdiction to entertain this matter.

Accordingly,

IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).


Dated: May 20, 2013  
      Detroit, Michigan

S/ Bernard A. Friedman_____  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE